UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

AUBREY STANLEY,

        Plaintiff,

v.                                            Case No. 2:07-CV-139

MICHAEL SMITH, et al.,               HON. GORDON J. QUIST

        Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has before it Plaintiff's Objections to the report and recommendation dated August 27, 2008. In his report and recommendation, Magistrate Judge Greeley recommended that the Court grant Defendants' motion for summary judgment and deny as futile Plaintiff's motions to amend and to supplement. First, the magistrate judge recommended that the claim against Defendant Smith for the March 23, 2006, incident be dismissed because the force used by Defendant Smith was not excessive and the injury to Plaintiff was *de minimis*. Next, the magistrate judge recommended that the claim against Defendant Headley for the May 4, 2006, incident be dismissed because Plaintiff did not suffer any injury requiring medical treatment and any injury was also *de minimis*. Next, the magistrate judge concluded that Defendants Shubert and Cusick are entitled to summary judgment with regard to the July 18, 2006, incident because their affidavits and the videotape evidence demonstrate that Plaintiff did not suffer a violation of his Eighth Amendment rights. With regard to the retaliation claim against Defendant Headley, the magistrate judge concluded that the claim should be dismissed because Plaintiff did not file a grievance against Defendant Headley prior to May 4, 2006 (the date of the alleged retaliatory act), and there is no

evidence that Plaintiff suffered any injury as a result of the incident. Finally, the magistrate judge concluded that Defendants are entitled to qualified immunity.

After conducting a *de novo* review of the report and recommendation, the Court concludes that the report and recommendation should be adopted.

Plaintiff raises three arguments in his Objections. He first contends that the magistrate judge erred in in applying the standards of *Whitley v. Albers*, 475 U.S. 312, 106 S. Ct. 1078 (1986), rather than the less demanding standard of "unnecessary and wanton infliction of pain" in *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285 (1986), because there was no prison disturbance warranting the application of the *Whitley* standard. Plaintiff does not refer to a specific incident, but the Court assumes that he is referring to the March 23, 2006, incident involving Defendant Smith. Contrary to Plaintiff's argument, the magistrate judge noted that there was a disturbance, namely, Plaintiff's pulling on the belly chains, which injured Defendant Smith's fingers. Moreover, Plaintiff does not argue that his injury was more than *de minimis*.

Second, Plaintiff contends that the magistrate judge erred in recommending that Plaintiff's retaliation claim be dismissed because Plaintiff's claim is that he was retaliated against for his involvement in assaulting Officer Volz as well as for filing grievances and complaints against staff. He further asserts that the planting of a razor by Defendant Wilkins and the numerous fabricated misconducts are sufficient to establish his retaliation claim. Plaintiff fails to cite any particular grievance that he filed against Defendant Headley or any other MDOC employee that would support a retaliation claim. Moreover, as the magistrate judge observed, Plaintiff cites no evidence to support his claim that Defendant Wilkins planted a razor in his cell, and Plaintiff fails to show that he suffered any adverse consequence as a result of the razor being found in his cell.

2

Finally, Plaintiff asserts that the magistrate judge erred in concluding that Defendants are entitled to qualified immunity. He argues that his retaliation claim is based not only upon the May 4, 2006, excessive force claim, but also upon the March 23, 3006, and July 18, 2006, excessive force claims. However, he fails to explain how these additional incidents, which do not involve protected conduct, can support a retaliation claim. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued August 27, 2008 (docket no. 79) is **APPROVED AND ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Defendants' Motion For Summary Judgment (docket no. 44) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion To Amend Complaint (docket no. 67) and Plaintiff's Motion To Supplement (docket no. 76) are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **dismissed with prejudice.**


Dated: September 29, 2008               /s/ Gordon J. Quist
                                      GORDON J. QUIST
                                      UNITED STATES DISTRICT JUDGE